NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 22 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL FERRER-RODRIGUEZ; D. F.-
M.,

Petitioners,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-1161

Agency Nos.
A240-181-833
A240-181-835

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2026**
Pasadena, California

Before: TALLMAN, RAWLINSON, and HAMILTON,*** Circuit Judges.

Daniel Ferrer-Rodriguez (Ferrer-Rodriguez), a native of Venezuela and a

citizen of Venezuela and Colombia, and his minor daughter, Daniellys Ferrer-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David F. Hamilton, Senior United States Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

Maestre, a native and citizen of Colombia, petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal of a decision from an Immigration Judge (IJ) denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Ferrer-Rodriguez sought asylum and withholding of removal based on his political opinion, as well as his membership in the particular social group of "Venezuelan army deserters." He sought CAT protection on the basis that the Colombian government returns Venezuelan army deserters to Venezuela where they are tortured.

"We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. . . . Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. . . ." *Ani v. Bondi*, 155 F.4th 1118, 1126 (9th Cir. 2025) (citations and internal quotation marks omitted). "In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency. . . ." *Myers v. Sessions*, 904 F.3d 1101, 1113 (9th Cir. 2018) (citation omitted). "Because the [BIA] issued its own decision that adopted parts of the IJ's reasoning, we review both decisions. . . ." *Uc Encarnacion v. Bondi*, 156 F.4th 927, 935 (9th

---

[1]     Daniellys Ferrer-Maestre is a derivative beneficiary.

Cir. 2025) (citations and internal quotation marks omitted).

"With respect to a person of dual nationality, it is insufficient to establish a well-founded fear of persecution in only one of the two countries.  In other words, to receive asylum, a person of dual nationality must demonstrate a well-founded fear of persecution in both countries . . ." *Sung Kil Jang v. Lynch*, 812 F.3d 1187, 1192 (9th Cir. 2015) (citation omitted).[2]

1.      Substantial evidence supports the agency's conclusion that Ferrer-Rodriguez is ineligible for relief from Venezuela because he is not a refugee, as he could safely return to Colombia.  *See Guevara-Serrano v. Bondi*, 164 F.4th 1133, 1135-36 (9th Cir. 2026) (defining "refugee" as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion") (citation omitted).  In any event, substantial evidence also supports the determination that Ferrer-Rodriguez failed to establish past persecution or a well-founded fear of future persecution in Venezuela.  *See id.*

2.      Substantial evidence also supports the denial of asylum relief from

---

[2]      We decline to adopt the Second Circuit's holding in *Zepeda-Lopez v. Garland*, 38 F.4th 315, 322 (2d Cir. 2022), because we are bound to follow our own precedent.  *See Chavez v. Robinson*, 12 F.4th 978, 991 (9th Cir. 2021).

Colombia. *See Ani*, 155 F.4th at 1131. As noted by the BIA, Ferrer-Rodriguez "only generally suggest[ed] that he fears for his life in Colombia" due to "Colombia return[ing] Venezuelan army deserters to Venezuela." However, Ferrer-Rodriguez moved to Colombia from Venezuela, living there for several years without harm, or the threat of being removed to Venezuela. And as Ferrer-Rodriguez concedes in his Opening Brief, he "did not suffer direct harm during his prior stay [in Columbia]." He similarly acknowledged in his brief to the BIA that he "did not suffer specific harm in Colombia."

3.      Substantial evidence supports the agency's denial of withholding of removal as to Colombia.[3] *See Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1199 (9th Cir. 2023). As the agency determined, Ferrer-Rodriguez did not demonstrate a well-founded fear of future persecution in light of the years he spent in Colombia without suffering harm, or any threat of removal by the Colombian government. *See id.* Because he failed to meet the showing required for dual citizens, Ferrer-Rodriguez was not eligible for asylum or withholding relief. *See Sung Kil Jang*, 812 F.3d at 1192; *see also Gutierrez-Alm*, 62 F.4th at 1199.

4.      Finally, substantial evidence supports the agency's conclusion that

---

[3]     The agency did not address withholding of removal to Venezuela because Ferrer-Rodriguez could safely relocate to Colombia. *See Su Hwa She v. Holder*, 629 F.3d 958, 965 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ming Dai v. Sessions*, 884 F.3d 858, 868 n.8 (9th Cir. 2018), *vacated on other grounds by Garland v. Ming Dai*, 593 U.S. 357, 372-73 (2021).

Ferrer-Rodriguez failed to demonstrate eligibility for CAT relief as to Colombia. Ferrer-Rodriguez failed to "prove . . . that it is more likely than not that he would be tortured if removed" to Colombia given his time spent in Colombia without harm or threat of extradition. *Edgar G.C. v. Bondi*, 136 F.4th 832, 845 (9th Cir. 2025), *as amended* (citation and alterations omitted). Ferrer-Rodriguez argues that there is a likelihood that he will be returned to Venezuela and tortured if removed to Colombia because Colombia has returned Venezuelan army deserters to Venezuela. However, no "reasonable adjudicator would be compelled to conclude," that there is a likelihood of torture, because Ferrer-Rodriguez did not demonstrate that Colombia extradites Venezuelan army deserters who are also Colombian citizens. *Ani*, 155 F.4th at 1126 (citation omitted).

**PETITION DENIED.**[4]

---

[4] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. # 1) is otherwise denied.